UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Rawn McFarlane,

                 Petitioner,           CV-07-169 (CPS)

   - against -                    MEMORANDUM OPINION
                                        AND ORDER

United States of America,

                 Respondent.

------------------------------------X

SIFTON, Senior Judge.

      Petitioner Rawn McFarlane ("McFarlane") was convicted on
April 25, 2005, after pleading guilty to one count of conspiring
to distribute and possession with intent to distribute cocaine
base in violation of 21 U.S.C. §§ 841 and 846.  On April 20,
2006, McFarlane was sentenced to 120 months imprisonment and 5
years supervised release.  Now before the Court is McFarlane's
*pro se* petition to vacate, set aside or correct his sentence
pursuant to 28 U.S.C. § 2255.  For the reasons set forth below,
the instant petition is denied.

<h3 align="center">BACKGROUND</h3>

      The following facts are drawn from the parties' submissions
in connection with this motion and the record from the prior
criminal proceedings before the undersigned.

      On August 8, 2003, McFarlane, along with seventeen co-
defendants, was indicted for conspiring to distribute and
possession with intent to distribute cocaine base and marijuana,

in violation of 21 U.S.C. §§ 846 and 841.  The indictment was superseded several times and the sixth indictment, filed on April 1, 2005, charged McFarlane with one count of conspiring to distribute and possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. §§ 846 and 841; two counts of marijuana distribution in violation of 18 U.S.C. § 841; two counts of use of a firearm in violation of 18 U.S.C. § 924; two counts of firearms trafficking in violation of 18 U.S.C. § 922; two counts of cocaine base distribution in violation of 21 U.S.C. § 841; and 2 counts of cocaine base distribution near a playground in violation of 21 U.S.C. §§ 841 and 860(a).

On April 11, 2005, McFarlane pleaded not guilty on all counts charged in the April 5, 2005 indictment.  On April 28, 2005, after entering into a plea agreement with the government, McFarlane withdrew his plea and pleaded guilty to one count of conspiring to distribute and possession with intent to distribute cocaine base and marijuana.  Transcript of April 28, 2005 Pleading [Apr. 28 Tr.] The remaining counts against McFarlane were then dismissed on the motion of the government.

At McFarlane's sentencing, the government argued for a two-point enhancement pursuant to United States Sentencing Guideline ("Sentencing Guideline") § 2B1.1(b)(1) on account of McFarlane's alleged possession of firearms in connection with the charge to which he pleaded guilty.  McFarlane maintained that he did not

possess a gun and that he was eligible for a safety valve reduction.

On February 22, 23, and March 22, 2006, the undersigned conducted a *Fatico* hearing to determine McFarlane's alleged possession of a firearm. At the hearing, McFarlane testified that he did not possess firearms while selling drugs. *See* February 23, 2006 *Fatico* Hearing Transcript [Feb. 23 Tr.] at 63-65. The government's witnesses, Steven Gibson and Lakeevian Jones, testified about their knowledge of McFarlane's use of firearms in connection with the sale of drugs. *See* February 22, 2006 *Fatico* Hearing Transcript [Feb. 22 Tr.]; Feb. 23 Tr.; and March 22, 2006 *Fatico* Hearing Transcript [March 22 Tr.]. At McFarlane's April 20, 2006 sentencing, I determined that McFarlane had in fact possessed a firearm in connection with his sale of drugs. I then sentenced McFarlane to 120 months imprisonment and 5 years supervised release.

Subsequent to his sentencing, McFarlane filed a *pro se* appeal to the United States Court of Appeals for the Second Circuit. On November 16, 2007, the Second Circuit granted McFarlane's motion to withdraw the appeal.

On January 8, 2007, McFarlane filed the instant *pro se* motion pursuant to  28 U.S.C. § 2255.

## DISCUSSION

When a petition is filed *pro se*, the court must construe the

*pro se* litigant's motion liberally. *United States v. Detrich*, 940
F.2d 37, 38 (2d Cir. 1991) (citing *United States v. Eatinger*, 902
F.2d 1383, 1385 (9th Cir. 1990)), *cert. denied*, 502 U.S. 1121
(1992). *See also Haines v. Kerner*, 404 U.S. 519, 520-21
(1972)(holding a pro se complainant to a less stringent standard
than that of a lawyer).

28 U.S.C. § 2255[1] provides a prisoner in federal custody a
limited opportunity to challenge collaterally the legality of the
sentence imposed on him by the court. *United States v.
Addonizio*, 442 U.S. 178, 185 (1979). In a § 2255 proceeding, the
petitioner bears the burden of proving by a preponderance of the
evidence that his sentence was imposed unlawfully. *See Triana v.
United States*, 205 F.3d 36, 40 (2d Cir. 2000).

A petitioner cannot assert claims, constitutional or
otherwise, that he failed to raise at trial, sentencing or on
direct appeal "unless he can establish both cause for the

---

[1] 28 U.S.C. § 2255 states in relevant part:

A prisoner in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that the
sentence was imposed in violation of the Constitution or laws of the
United States . . . may move the court which imposed the sentence to
vacate, set aside or correct the sentence.

...If the court finds that . . . the sentence imposed was not authorized
by law . . . or that there has been such a denial or infringement of the
constitutional rights of the prisoner as to render the judgment
vulnerable to collateral attack, the court shall vacate and set the
judgment aside and shall discharge the prisoner or resentence him or
grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998)(citing *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 496(1986)); *see also United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal.").

McFarlane's stated grounds for his petition are: (1) ineffective assistance of counsel; (2) an involuntary guilty plea; (3) lack of credibility of the government's witnesses at the *Fatico* hearing; and (4) an unreasonably harsh sentence.

*Ineffective Assistance of Counsel*

Although McFarlane failed to raise the ineffective assistance of counsel claim on direct appeal, I may still consider it because the procedural default rule does not bar § 2255 collateral review of ineffective assistance of counsel claims. *See Massaro v. United States*, 538 U.S. 500, 509 (2003)("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

It is well settled that to prevail on a claim of ineffective assistance of counsel the petitioner must demonstrate both that (1) his prior counsel's performance "fell below an objective standard of reasonableness" and (2) a reasonable probability that

but for the deficient performance, the judgment would have been different. *Strickland*, 466 U.S. 668, 688-690, 694 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986)(citing *Strickland,* 466 U.S. at 689). Conduct is not objectively unreasonable if the challenged actions could "be considered sound trial strategy." *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994).

Petitioner alleges that his counsel was ineffective because he failed to challenge the testimony of the government's witnesses at the *Fatico* hearing. The record of the proceedings establishes that defense counsel conducted a thorough cross-examination of both of the government's witnesses and zealously urged the Court to conclude that McFarlane had not possessed a firearm in connection with the drug offense. *See* Feb 22 Tr. at 47-58 and March 22 Tr. at 2-52. Defense counsel also conducted a direct examination of McFarlane at the *Fatico* hearing. Feb 23 Tr. at 55-65. Subsequent to the hearing, defense counsel submitted a letter brief to the Court challenging the testimony of the two government witnesses, *see* April 12, 2006 letter from Jason Solotaroff, and at McFarlane's sentencing, defense counsel argued that the testimony of the government witnesses should not

be credited.  *See* Apr. 20 Tr. at 4-5.  Applying the *Strickland*

standard, I find that defense counsel's conduct fell within the

range of professionally reasonable conduct.  Accordingly,

McFarlane's ineffective assistance of counsel claim is denied.

*Procedurally Barred Claims*

Petitioner's remaining claims are procedurally barred from

review because McFarlane failed to raise these claims on direct

appeal.  McFarlane is unable to overcome the procedural default

because he has demonstrated no cause for failing to assert the

claims on direct review nor has he demonstrated his actual

innocence.

In any event, each of the above claims would be denied on

the merits.

"The longstanding test for determining the validity of a

guilty plea is whether the plea represents a voluntary and

intelligent choice among the alternative courses of action open

to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56

(1985)(internal quotations and citations omitted).

Although McFarlane now asserts that his guilty plea was

entered involuntarily, his sworn statements during the plea

hearing belie his claim.  McFarlane stated under oath that (1)the

plea was of his own free will and (2) he was guilty and stated

that he understood that the court would not accept his plea if he

claimed to be innocent.  April 28 Tr. at 12-14.  *See U.S. v.*

*Diaz,* 176 F.3d 52, 114 (2d Cir. 1999)(citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)(holding that sworn statements made during allocution are presumptively valid) and *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997)). The Court gave McFarlane an opportunity to consider withdrawing his guilty plea, *see* Feb 23 Tr. at 69, but McFarlane chose not to do so. April 20, 2006 Sentencing [April 20. Tr.] at 5.

Even construing McFarlane's *pro se* petition liberally and viewing his claim as one of ineffective assistance of counsel, the claim would still be denied.

"Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771(1970)). Petitioner stated during the plea hearing, while under oath, that he was satisfied with his counsel's representation. April 28 Tr. at 4. The Court relied on petitioner's sworn statements in finding that his guilty plea was knowing and voluntary and based on adequate representation by trial counsel. Petitioner has made no factual assertions concerning the conduct of his trial counsel to rebut the Court's reliance on those sworn statements. Accordingly, I find that defense counsel's conduct fell within the range of

professionally reasonable conduct and McFarlane's claim of an involuntary guilty plea is denied.

Nor has McFarlane submitted evidence in support of his claim that the two point enhancement for firearms possession was incorrectly applied. McFarlane challenges the credibility of the government's cooperating witnesses, arguing his co-defendants had an incentive to provide false testimony in order to receive reduced sentences for the crimes to which they pleaded guilty. I already addressed this argument at McFarlane's sentencing and rejected it. Accordingly, the two point firearms enhancement was correctly applied and McFarlane's petition on this ground is denied.

Petitioner's last claim, of an unreasonably harsh sentence, also fails. Petitioner was sentenced to the mandatory minimum sentence of ten years as required by 21 U.S.C. § 841(b)(1). Although I applied a two point sentencing enhancement for possession of a firearm after conducting the *Fatico* hearing, I imposed a non-guideline sentence that was substantially lower than the applicable guidelines sentencing range for petitioner's drug offense. As I noted at McFarlane's sentencing, the Sentencing Guidelines provide for a base offense level of 32 for a drug offense involving 50 grams of cocaine base. After considering the 18 U.S.C. § 3553(a) factors and what I took to be the Sentencing Guidelines' exaggeration of the seriousness of the

offense, I used a base offense level of 26 to calculate McFarlane's sentence. I added two points for McFarlane's obstruction of justice and an additional two points for possession of a firearm. With a total offense level of 30 and a criminal history of I, the applicable sentencing range was 97 to 121 months. As a result, McFarlane's sentence was lower than a guidelines sentence, which, using a base offense level of 32, would have been between 188 and 235 months. Accordingly, McFarlane's claim that his sentence was unreasonably harsh is also denied.

## CONCLUSION

For the reasons set forth above, McFarlane's § 2255 petition is denied. Petitioner is denied a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The clerk is directed to transmit a copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated:     Brooklyn, NY
           February 14, 2008


           By:      /s/ Charles P. Sifton (electronically signed)
                            United States District Judge